IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MISTI A. BELVILLE,

        Plaintiff,

v.                             CIVIL ACTION NO.   3:14-11672

ITT EDUCATIONAL SERVICE, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Summary Judgment (ECF No. 17). To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

The nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23

(1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

Here, Plaintiff sets out two causes of action. First, she alleges that Defendant, ITT Educational Services, Inc. ("ITT"), is liable for sexual harassment because ITT failed to take reasonable steps to correct sexual harassment in the workplace. Plaintiff was working for ITT when her co-worker, Mr. Branch, made inappropriate comments of a sexual nature to Plaintiff and another employee. Plaintiff argues that ITT failed to discipline Mr. Branch. Mr. Branch later sexually harassed Plaintiff again, at which time he was terminated. Plaintiff has presented the testimony of her supervisor at the time, Katherine Barlow, which raises a genuine issue of fact as to whether Mr. Branch was disciplined following his initial inappropriate behavior. Accordingly, Defendant's motion for summary judgment is denied as to this count.

Second, Plaintiff alleges retaliation. She argues that after she reported Mr. Branch's behavior, Ms. Barlow became angry with her and sought to have her terminated. Several months later, ITT terminated Plaintiff. ITT maintains that Plaintiff was terminated because she interviewed her own sister and daughter after Ms. Barlow specifically told her not to do so. Plaintiff contends that this is a pretext for retaliatory termination. She alleges that Ms. Barlow never told her not to interview her own relatives, and has presented evidence that ITT generally encourages its employees to recruit their family members. Plaintiff has raised a genuine issue of fact as to whether she was told not to interview her relatives. Defendant's motion for summary judgment is thus denied as to this count.

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 17) is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

-3-

ENTER: December 22, 2014

_____
ROBERT C. CHAMBERS, CHIEF JUDGE